## THE POINT REYES.
### No. 9311.

Circuit Court of Appeals, Fifth Circuit.
March 19, 1940.

W. J. Waguespack, of New Orleans, La., for appellants.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellees.

Before HOLMES and McCORD, Circuit Judges, and MIZE, District Judge.

HOLMES, Circuit Judge.

Appellants, twenty-four members of the crew of the S. S. Point Reyes, present for review a decree dismissing a libel brought by them to recover on a rider attached to shipping articles executed to cover a voyage made by them on appellees' boat. The rider provided: "In the event this vessel enters any Gulf port where a maritime strike is in effect each member of the crew shall be paid fifty and 00/100 ($50.00) dollars in addition to all wages and overtime due them less proper deductions up to the time the crew leaves the vessel."

The articles contemplated a voyage from San Francisco to New Orleans and return. When the vessel reached New Orleans, a Gulf port, appellants noticed, and were challenged by, armed pickets on the dock, although they were not molested by them, and were advised by the local president of the union to which they belonged that a maritime strike existed in the port. Upon these facts, and without any further investigation, they concluded that a strike was in effect, and demanded their earned wages and the bonus provided by the rider. The master denied the existence of the strike, paying the wages but refusing to pay the bonus. The sole question necessary for decision is whether or not any maritime strike existed in the port of New Orleans on the date in question.

It was shown that, prior to 1923, practically all steamship companies operating in the port of New Orleans had contracts with the International Longshoremen's Association. In that year, all of the companies except two declined to renew the contracts, and began to employ independent longshoremen. In 1931, these last two refused to renew theirs, and thereafter used independent workers. On September 30, 1935, the International Longshoremen's Association, which had had no contracts with either shipping interests or stevedores for approximately four years, called a strike in an effort to induce membership in, and contracts with, its organization. Men were employed to picket the harbor and assault or terrorize the independent workers on the dock. Despite the fact that these tactics caused some disturbances for a few days, no steamship company was deprived of the services of its regular employees, shipping was not disturbed or delayed, and there was no shortage of regular labor. At the time the Point Reyes docked at new Orleans on December 26, 1935, the interference was negligible.

It is clear from the facts stated that the action of the International Longshoremen's Association did not involve workers of a common employer acting in concert to induce the employer to accede to their demands, nor did it involve a concerted cessation of employment; it was rather an attempt of hirelings of the union to coerce the making of contracts in contemplation of employment to be created.

Webster's unabridged dictionary defines a strike as follows: "Act of quitting work; specifically, such an act done by mutual understanding by a body of workmen as a means of enforcing compliance with demands made on their employer; a stopping of work by workmen in order to obtain or resist a change in conditions of employment." Black's Law Dictionary defines it: "The act of a body of workmen, employed by the same master, in stopping work altogether at a prearranged time and refusing to continue until * * * some * * * concession is granted to them by the employer."

In every other definition that we have found, the word strike contains two essential ingredients: There must be the relation of employer and employee, and

there must be a quitting of work. Cf. Jeffery-De Witt Insulator Co. v. National Labor Relations Board, 4 Cir., 91 F.2d 134, 112 A.L.R. 948; Restful Slipper Co. v. United Shoe & Leather Union, 116 N.J.Eq. 521, 174 A. 543; 12 C.J. 569; Baldwin's Century Edition, Bouvier's Law Dictionary, Strike, page 1140; Uden v. Schaefer, 110 Wash. 391, 188 P. 395, 11 A.L.R. 1001. Under the facts in this case, it is manifest that neither of these essential requirements was met. The fact that the union chose to call its action a strike could not make it such, and could not alter the relations of the parties. Appellants are not entitled to recover, and the decree is affirmed.